IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RYAN S. HERR, | ) |
|                Plaintiff, | ) |
| VS. | ) CASE NO. |
| COLUMBIA COLLEGE CHICAGO, RABIA KHAN HARVEY, ANDREA ENGLE, JOANNE GUNS, JEFFREY GRAUEL, AND ANDREW WHATLEY, | ) |
|               Defendants. | ) |

**COMPLAINT AND JURY DEMAND**

NOW COMES THE PLAINTIFF, RYAN S. HERR, by and through his Attorneys, ROUSKEY AND BALDACCI by CHRIS D. ROUSKEY, and for his Complaint against the Defendants, COLUMBIA COLLEGE CHICAGO, RABIA KHAN HARVEY, ANDREA ENGLE, JOANNE GUNS, JEFFREY GRAUEL, and ANDREW WHATLEY, states to this Honorable Court as follows:

I.
JURISDICTION AND VENUE

1. That this Honorable Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. 1331, which gives District Courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

2. That this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. 1343, which gives District Courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation of any right, privilege, or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to

recover damages or to secure equitable relief under any act of Congress providing for the protection of civil rights.

3. That the Plaintiff, RYAN S. HERR, brings this action to redress a denial of due process pursuant to 20 U.S.C. 1681(a), Title IX of the Education Amendments of 1972, as more fully set forth herein.

4. That venue is proper in this District pursuant to 28 U.S.C. 1391(b) since the events giving rise to the claims occurred in this District.

II.
THE PARTIES

5. That the Plaintiff, RYAN S. HERR, is an adult male.

6. That at all times relevant hereto, the Plaintiff, RYAN S. HERR, was a resident of Will County, Illinois.

7. That at the time of the events complained of herein, the Plaintiff, RYAN S. HERR, was a student attending the Defendant, COLUMBIA COLLEGE CHICAGO.

8. That the Defendant, COLUMBIA COLLEGE CHICAGO, hereinafter referred to as "COLLEGE", is an institution of higher learning that receives federal funding located in Cook County, Illinois.

9. That at the time of the events complained of herein, the Defendant, RABIA KHAN HARVEY, hereinafter referred to as "HARVEY", was the Director of Equity Issues & Title IX Coordinator acting in an official capacity, working in Cook County, Illinois.

10. That at the time of the events complained of herein, the Defendant, HARVEY, was an agent and/or employee of the Defendant, COLLEGE, acting or failing to act within the scope, course, and authority of the employment and of the employer.

11. That at the time of the events complained of herein, the Defendant, ANDREA ENGLE, hereinafter referred to as "ENGLE", was the Director of the Conaway Achievement Project acting in an official capacity, working in Cook County, Illinois.

12. That at the time of the events complained of herein, the Defendant, ENGLE, was an agent and/or employee of the Defendant, COLLEGE, acting or failing to act within the scope, course, and authority of employment and of the employer.

13. That at the time of the events complained of herein, the Defendant, JOANNE GUNS, hereinafter referred to as "GUNS", was the Coordinator of Residence Life acting in an official capacity, working in Cook County, Illinois.

14. That at the time of the events complained of herein, the Defendant, GUNS, was an agent and/or employee of the Defendant, COLLEGE, acting or failing to act within the scope, course, and authority of employment and of the employer.

15. That at the time of the events complained of herein, the Defendant, JEFFREY GRAUEL, hereinafter referred to as "GRAUEL", was the Director of Faculty Evaluation acting in an official capacity, working in Cook County, Illinois.

16. That at the time of the events complained of herein, the Defendant, GRAUEL, was an agent and/or employee of the Defendant, COLLEGE, acting or failing to act within the scope, course, and authority of employment and of the employer.

17. That at the time of the events complained of herein, the Defendant, ANDREW WHATLEY, hereinafter referred to "WHATLEY", was acting as an Appeals Officer of the Defendant, COLLEGE, acting in an official capacity, working in Cook County, Illinois.

18. That at the time of the events complained of herein, the Defendant, WHATLEY, was

an agent and/or employee of the Defendant, COLLEGE, acting or failing to act within the scope, course, and authority of employment and of the employer.

## III.
## APPLICABLE LAW AND POLICY

19. That 20 U.S.C. 1681(a), Title IX of the Education Amendments of 1972, states:

> "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving federal financial assistance..."

20  That Title IX is implemented through the Code of Federal Regulations. (34 C.F.R. 106)

21. That 34 C.F.R. 106.8(b) provides:

> "...A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part."

## IV.
## COMMON ALLEGATIONS

22. That at the time of the events complained of herein, the Defendant, COLLEGE, was receiving federal funding as contemplated by 20 U.S.C. 1681, Title IX, et.seq.

23. That the Defendant, COLLEGE, implemented and executed policies and customs in regards to the events complained of herein that resulted in the deprivation of the Plaintiff, RYAN S. HERR'S, constitutional, statutory, and common law rights.

24. That the Defendant, COLLEGE, is responsible for ensuring that all of its employees and agents are properly trained and supervised to perform their duties.

25. That the Defendant, COLLEGE, is responsible for the acts and omissions of its employees and agents.

26. That at the time of the events complained of herein, the Plaintiff, RYAN S. HERR, was a student of the Defendant, COLLEGE, in his final year of studies.

27. That on or about September 10, 2017, the Plaintiff, RYAN S. HERR, met a female student at an event.

28. That said female student subsequently invited the Plaintiff, RYAN S. HERR, to her apartment, where the Plaintiff and the female student engaged in consensual sex.

29. That during the consensual sexual activities, the Plaintiff, RYAN S. HERR, took pictures of the female student without asking her permission, but with her knowledge.

30. That while the Plaintiff, RYAN S. HERR, and the female student were still together that night, the female student took the Plaintiff's cell phone and indicated to the Plaintiff that she had deleted the pictures.

31. That thereafter, the Plaintiff, RYAN S. HERR, discovered a photograph of said female student on his cell phone which depicted her nude torso, which photograph said female student had not deleted

32. That on or about October 10, 2017, the Plaintiff, RYAN S. HERR, showed that female student the photograph remaining on his cell phone that included the female student's nude torso.

33. That at that time, the female student attempted to grab the Plaintiff, RYAN S. HERR'S, cell phone, and the Plaintiff held his cell phone out of the reach of the female student, who then left to go to class. The Plaintiff then deleted said female student's photograph and so advised her that it had been deleted.

34. That while in class, the female student texted the Plaintiff, RYAN S. HERR, requesting a meeting so that she could see that the Plaintiff had deleted the nude pictures. The Plaintiff and the female student agreed to meet that same day at 6:00 P.M.

35. That the Plaintiff, RYAN S. HERR, texted the female student after class, and the female student texted him back indicating that she had left class because of a "panic attack".

36. That the Plaintiff, RYAN S. HERR, then texted the female student that he had deleted the nude photographs.

37. That the Plaintiff, RYAN S. HERR, and the female student never had any contact after the last text exchange on October 10, 2017.

38. That there was not, nor has there ever been, any evidence that the Plaintiff, RYAN S. HERR, ever posted and/or showed the nude photographs of the female student to others.

39. That on or about October 31, 2017, a Complaint was filed with the Defendant, COLLEGE'S, Office of Equity Issues naming the Plaintiff, RYAN S. HERR, as Respondent.

40. That on March 17, 2018, a hearing on the charges cited in the Complaint was conducted by a Panel consisting of the Defendants, ENGEL, GUNS, and GRAUEL.

41. That at the hearing on March 17, 2018, the Plaintiff, RYAN S. HERR, was denied the opportunity to cross-examine the complaining female student and his attorney was not allowed to advocate on his behalf and/or participate in the proceedings.

42. That at the conclusion of the hearing on March 17, 2018, the Plaintiff, RYAN S. HERR, was suspended from the Defendant, COLLEGE.

43. That the Plaintiff, RYAN S. HERR, appealed the Panel's decision.

44. That on May 7, 2019, the Appeals Officer, WHATLEY, upheld the decision of the Panel.

## COUNT I
## VIOLATION OF 20 U.S.C. 1681, TITLE IX, BY ALL DEFENDANTS

### DEFENDANTS DENIED THE PLAINTIFF OF HIS DUE PROCESS RIGHTS UNDER TITLE IX

45. That the Plaintiff, RYAN S. HERR, restates and realleges each and every allegation set forth in Paragraphs 1 through and including Paragraph 44 as and for his allegations in this Paragraph 45 as though fully set forth herein.

46. That the manner of conducting the hearing held on March 17, 2018, upheld by the Appeal of that decision on May 7, 2018, constituted a total denial of due process and, that as a result thereof, resulted in a one-year suspension thereby denying the Plaintiff, RYAN S. HERR, to educational opportunities or benefits provided by the Defendant, COLLEGE.

47. That the denial of due process to the Plaintiff, RYAN S. HERR, constituted disparate treatment between females who make complaints and males against whom complaints are made.

48. That the Plaintiff, RYAN S. HERR, has suffered emotional distress and psychological damage as a result of said denial of due process.

49. That the Plaintiff, RYAN S. HERR'S, character and standing in the community have suffered as a result of said denial of due process fostered as a direct and proximate result of the Defendant, COLLEGE'S, indifference of the Plaintiff's rights to due process under Title IX.

## COUNT II
## VIOLATION OF 20 U.S.C. 1681, TITLE IX, BY ALL DEFENDANTS

### DEFENDANTS DENIED THE PLAINTIFF OF HIS TITLE IX RIGHTS
### BY IMPOSING A SANCTION DISPROPORTIONATE TO THE MISCONDUCT

50. That the Plaintiff, RYAN S. HERR, restates and realleges each and every allegation

set forth in Paragraphs 1 through and including Paragraph 49 as and for his allegations in this Paragraph 50 as though fully set forth herein.

51. That the Plaintiff, RYAN S. HERR, and the complaining female student engaged in consensual sex, and the Plaintiff took pictures of the female student while she was nude with her knowledge.

52. That there was and never has been any evidence indicating that the Plaintiff, RYAN S. HERR, posted or showed the photographs of the complaining female student to any third parties.

53. That an imposition of a one-year suspension was a sanction disproportionate with the misconduct and was a denial of the Plaintiff, RYAN S. HERR'S, right to fair treatment under Title IX.

WHEREFORE, the Plaintiff, RYAN S. HERR, requests that this matter be tried before a jury and respectfully prays for the entry of a judgment in favor of the Plaintiff, RYAN S. HERR, and against the Defendants, COLUMBIA COLLEGE CHICAGO, RABIA KHAN HARVEY, ANDREA ENGLE, JOANNE GUNS, JEFFREY GRAUEL, and ANDREW WHATLEY, as follows:

A. That the Plaintiff, RYAN S. HERR, be awarded compensatory damages in the amount of $150,000.00 for his psychological and emotional distress and damages, loss of standing in the community, damage to his reputation, and for his unreimbursed expenses incurred in response to these circumstances.

B. That the Plaintiff, RYAN S. HERR, be awarded punitive damages in such an amount as this Honorable Court deems appropriate and just under the circumstances.

C. Injunctive relief requiring the Defendant, COLUMBIA COLLEGE CHICAGO, to take

steps to establish due process rights in hearings and establish practices that do not favor female complainants over male respondents

D. That the Defendant, COLUMBIA COLLEGE CHICAGO, be required to waive the hold on the Plaintiff, RYAN S. HERR'S, account for amounts owed to the Defendant, COLUMBIA COLLEGE CHICAGO, so that he can complete his degree.

E. Statutory interest on each award ordered by this Honorable Court.

F. The Plaintiff, RYAN S. HERR'S, reasonable attorney fees incurred in these proceedings.

G. The Plaintiff, RYAN S. HERR'S, costs of suit incurred in these proceedings.

                                  **RYAN S. HERR**, Plaintiff

BY _/s/ Chris Rouskey_
      **CHRIS D. ROUSKEY**, His Attorney

CHRIS D. ROUSKEY
ROUSKEY AND BALDACCI
210 N. HAMMES AVENUE, SUITE 105
JOLIET, ILLINOIS 60435
PHONE: 815-741-2118
FAX: 815-741-0670
E-MAIL: ROUSKEYLAW@GMAIL.COM
IL REGISTRATION NO. 03123595